1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
7

8   SCOTT SORENSON,

9                  Plaintiff,                    CASE NO. C16-00143 BHS

10        v.                                     ORDER AFFIRMING THE
                                                 COMMISSIONER'S DECISION
11  CAROLYN W. COLVIN, Acting                    [AMENDED]
    Commissioner of Social Security,
12
                  Defendant.
13

14        Pursuant to Federal Rule of Civil Procedure Rule 60(a), the Court enters this

15  amended order to correct a clerical mistake misstating Plaintiff Scott E. Sorenson's full

16  name as it appears on page three of the previously entered order (Dkt. 17).

17                              **I. BASIC DATA**

18  Type of Benefits Sought:

19        (X) Disability Insurance

20        (  ) Supplemental Security Income

21

22

ORDER - 1

Plaintiff's:

    Sex: Male

    Age: 43

Principal Disabilities Alleged by Plaintiff: Lower back nerve damage and a right shoulder impairment

Principal Previous Work Experience: Operating engineer and automobile salesperson

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ David Johnson:

    Date of Hearing: December 9, 2013; hearing transcript AR 32-85

    Date of Decision: April 25, 2014

    Appears in Record at: AR 9-31

    Summary of Decision:

        Through April 20, 2012, the date the claimant's disability ended, the claimant did not engage in substantial gainful activity.  As of April 20, 2012, the claimant had the following severe impairments: lumbar and cervical degenerative disc disease, bilateral shoulder abnormalities, obesity, and psoriasis.  Since April 20, 2012, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

        Medical improvement occurred as of April 20, 2012, to the point where the claimant had the residual functional capacity to perform less than the full range of light work. The claimant could perform light work that did not require lifting, carrying, pushing, and pulling within 15 pounds occasionally.  He could perform light work that did not require more than occasional climbing, stooping, or reaching. Additionally, he could perform light work that did not require working above the shoulder, crouching, or crawling.  As of April 20, 2012, the claimant had, and continues to have through the date of this decision, the residual functional capacity to perform light work, that does not require lifting more than 10 pounds with the left upper

extremity alone; that does not require sitting, standing, or walking for more than 30 minutes at a time and four hours out of the workday for each of these activities; that does not require climbing more than 10 steps at a time; that does not require more than occasional stooping, crouching, crawling, or climbing of ramps or stairs; that allows the use of a railing while climbing ramps or stairs; that does not require kneeling or climbing of ladders, ropes, or scaffolds; that does not require overhead reaching; that does not require more than occasional reaching in other directions; that does not require balancing on the left side; and that does not require concentrated exposure to extreme temperatures, wetness, humidity, vibration, or hazards such as open machinery or unprotected heights.

Beginning on April 20, 2012, the claimant has been capable of performing past relevant work as an automobile salesperson. Therefore, the claimant's disability ended as of April 20, 2012.

Before Appeals Council:

Date of Decision: December 8, 2015

Appears in Record at: AR 1-7

Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by ( ) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

According to sentence six of 42 U.S.C. § 405(g), the Court "may at any time order additional evidence to be taken before the [Acting] Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record" in a prior proceeding.

## V. EVALUATING DISABILITY

The claimant, Scott E. Sorenson ("Sorenson"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUE ON APPEAL

1.     Is the new evidence submitted to the Court new and material to the disability determination?

## VII. DISCUSSION

Sorenson appeals the Commissioner's decision denying his disability benefits. Dkt. 3. Sorenson failed to file an opening brief in the case. Pursuant to the scheduling

1   order, the Court will therefore consider only the claim contained in his complaint, that

2   medical records from 2015 submitted for the first time to this Court undermine the ALJ's

3   decision.  *See* Dkt. 13 at 2.

4            To justify remand under sentence six of 42 U.S.C. § 405(g), Sorenson must show

5   that the additional evidence he submitted is both "new" and "material" to determining

6   disability and that he "had good cause for having failed to produce that evidence earlier."

7   *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).  To be material, "the new

8   evidence must bear 'directly and substantially on the matter in dispute.'"  *Id.* (citation

9   omitted).  Sorenson also must demonstrate a "reasonable possibility" the new evidence

10   "would have changed the outcome of the administrative hearing."  *Id.* (citation omitted).

11            Here, the evidence submitted by Sorenson is not material and does not show a

12   reasonable possibility that the outcome would have changed.  Sorenson submitted 14

13   pages of medical records that date from May to October 2015.  *See* AR 477-90.  None of

14   the records relate to the period of time evaluated by the ALJ or show that Sorenson was

15   more impaired during that period than the ALJ assessed.  *See id.*  If Sorenson is

16   suggesting deterioration after the ALJ's decision, while that evidence could be material to

17   a new claim, it is insufficient to establish materiality to the ALJ's 2014 decision

18   terminating benefits as of April 20, 2012.  *See Ward v. Schweiker*, 686 F.2d 762, 765-66

19   (9th Cir. 1982).

20

21

22

1

## VIII. ORDER

2        Therefore, it is hereby **ORDERED** that the Commissioner's final decision is

3  **AFFIRMED**.

4        Dated this 24th day of October, 2016.

5

6  _____

7  BENJAMIN H. SETTLE
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22